**2015 UT App 135**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
HOWARD LYNN MCDANIEL,
Defendant and Appellant.

Memorandum Decision
No. 20130866-CA
Filed May 29, 2015

Second District Court, Farmington Department
The Honorable Michael G. Allphin
No. 121701896

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES J. FREDERIC VOROS JR. and
KATE A. TOOMEY concurred.

CHRISTIANSEN, Judge:

¶1     Howard Lynn McDaniel pled guilty to possession of a
controlled substance with intent to distribute. On appeal, he
challenges the district court's order that his sentence in this case
be served consecutively to his sentence imposed in a separate
case. He argues that the district court failed to properly consider
all of the statutory factors and abused its discretion in its
weighing of certain mitigating factors. We conclude that the
district court properly considered the relevant factors based on
the evidence before it and did not abuse its discretion in
imposing consecutive sentences. We therefore affirm.

¶2     McDaniel was arrested in November 2012 for, among
other things, possession of approximately sixty grams of

methamphetamine, a small amount of marijuana, and associated paraphernalia. McDaniel pled guilty in April 2013 to possession of a controlled substance with intent to distribute. The court ordered that McDaniel be allowed to remain free on bail until his sentencing and ordered Adult Probation and Parole to prepare a Presentence Investigation Report (the PSI Report).

¶3    In May 2013, before he was sentenced in this case, McDaniel was again arrested for possession of more than sixty grams of methamphetamine, other drugs, and drug paraphernalia. McDaniel again pled guilty to possession of a controlled substance with intent to distribute. He was sentenced without a presentence report to a term of one to fifteen years in prison. The details of that conviction and sentence were subsequently included in the PSI Report in this case.

¶4    This case came before the district court for sentencing in August 2013. The PSI Report related that McDaniel had an "extensive criminal history with most if not all of his charges being drug related." The PSI Report also stated that McDaniel had a "long history of substance abuse," a "sporadic work history," and "a poor parole and probation history." McDaniel submitted letters from his sister and brother-in-law detailing his success at remaining drug free and employed while staying with them in Virginia before he returned to Utah in 2012. The district court reviewed those letters, then heard arguments from counsel and a statement from McDaniel. The district court ultimately ordered that McDaniel's statutory sentence of five years to life run consecutively to the sentence he was serving for his May 2013 conviction. McDaniel appeals.

¶5    McDaniel first argues that the district court failed to consider legally relevant factors in deciding to impose consecutive sentences. In reviewing a district court's sentencing decision, we will reverse only if we conclude that the sentencing decision exceeds the "wide latitude and discretion" afforded a district court in imposing sentence. *State v. Helms*, 2002 UT 12, ¶ 8, 40 P.3d 626. When sentencing a defendant who is already

serving a prison sentence for a prior felony offense, the district court must determine "if the sentences before the court are to run concurrently or consecutively with any other sentences the defendant is already serving." Utah Code Ann. § 76-3-401(1)(b) (LexisNexis 2012). In making this determination, the district court must consider "the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." *Id.* § 76-3-401(2). If the district court fails to consider all legally relevant factors, the imposition of consecutive sentences is an abuse of the district court's sentencing discretion. *Helms*, 2002 UT 12, ¶ 8. However, on appeal from a sentencing, the burden is on the defendant to demonstrate that the district court did not properly consider all the factors, and we will not "assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law." *Id.* ¶¶ 11, 16. Rather, we will uphold the sentencing court's decision so long as, based on the record before this court, it would be reasonable to assume that the sentencing court actually considered each factor. *Id.* ¶ 11. The district court here did not make any specific findings on the record regarding the statutory factors.

¶6     McDaniel argues that the district court failed to properly consider his character because the district court did not resolve an "ambiguity of facts" regarding his character. Our supreme court has explained that it may be improper to assume a district court considered the relevant statutory factors when "an ambiguity of facts makes the assumption unreasonable." *Id.* Specifically, McDaniel argues that the district court was required to resolve a conflict between the State's argument that McDaniel was "not just a hopeless user" but was "actually out there contributing to the problem" and the evidence McDaniel presented suggesting that he had been drug free and gainfully employed for a number of years with his family in Virginia.

¶7     McDaniel's argument fails for two reasons. First, to the extent the prosecutor's statement may be read as an assertion that McDaniel was "a hopeless user," that statement is

argument, not evidence. The statement therefore cannot serve to create an ambiguity in the facts presented to the district court that could provide a basis to undermine the court's sentencing decision. *See id.* Second, in context, it is clear that the import of the prosecutor's statement was that McDaniel was not merely a repeat drug user but a repeat drug dealer—an admitted fact. The prosecutor was thus focusing the court's attention on the criminal conduct at issue in the two cases—McDaniel's possession of drugs with the intent to sell them. Accordingly, we do not agree that there was any ambiguity in the facts regarding McDaniel's character that demonstrates that the district court failed to properly consider this factor.

¶8 McDaniel also argues that the district court failed to properly consider the gravity and circumstances of the offenses McDaniel committed and his rehabilitative needs. McDaniel argues that the PSI Report contained insufficient information regarding the circumstances of his two offenses because the report did not describe how McDaniel's personal circumstances deteriorated after he lost his job due to an illness, leading to his relapse into drug use. McDaniel also argues that the PSI Report did not adequately inform the district court of his rehabilitative needs, because the report did not discuss McDaniel's success at remaining drug free and employed for a number of years while living in Virginia.

¶9 McDaniel is correct that the information regarding the circumstances leading to his offense and his success at rehabilitation in Virginia were not contained in the PSI Report. However, all of this information was presented to the district court at the sentencing hearing in the form of letters from McDaniel's Virginia family members and McDaniel's own statements to the court. The information was therefore properly before the district court, and nothing in the record suggests that the court refused to consider any relevant information presented by McDaniel or his counsel. We are therefore not persuaded that the district court failed to adequately consider this information as it relates to the challenged factors.

¶10 Last, McDaniel argues that the district court "failed to give adequate weight to various mitigating factors" such as McDaniel's acceptance of responsibility for his crime, that his criminal conduct neither caused nor threatened serious harm, that there were no victims, and that McDaniel owed no restitution. An appellant can show an abuse of discretion in the district court's weighing of the relevant factors only by demonstrating that "no reasonable person would take the view taken by the sentencing court." *State v. Epling*, 2011 UT App 229, ¶ 8, 262 P.3d 440.

¶11 McDaniel argues that "the sentencing court would have weighed the imposition of consecutive sentences differently had it properly considered the requisite factors, properly considered the mitigating factors, and properly resolved the ambiguity of facts in the instant case." However, it is not enough for McDaniel to demonstrate that the district court may or even would have altered its conclusion if it had weighed the factors differently. Rather, McDaniel must demonstrate that no reasonable person would have ordered consecutive sentences given the information presented to the district court. *See id.* He has failed to do so here.

¶12 McDaniel has failed to demonstrate that the district court did not consider all legally relevant factors in imposing consecutive sentences. He has also failed to demonstrate that the district court abused its discretion by deciding to impose consecutive sentences. We therefore affirm the district court's sentencing decision.

_____